Henry D. Nunez   #63412
Attorney at Law
4478 West Spaatz Avenue
Fresno, CA   93722
Telephone: (559) 437-9200
Facsimile: (559) 437-3927

Attorney for plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MOSTAFA HEIDARI, <br><br>       plaintiff, <br><br> vs. <br><br> BANK OF THE WEST; a California corporation; CHEX SYSTEMS, a Minnesota corporation; and DOES 1 through 20, inclusive <br><br>       defendants. | Case No. <br><br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

COME NOW Plaintiff ,MOSTAFA HEIDARI, hereby complains and alleges the following against Defendants:

## JURISDICTION

1.     The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. 1367, and the doctrine of pendant jurisdiction.

## INTRADISTRICT ASSIGNMENT

2.     Venue lies in the Fresno Division of the United States District Court for the Eastern District of California, as Plaintiffs' claims arose from acts of Defendants perpetrated therein occurred in this judicial district.

///

**COMPLAINT – DEMAND FOR JURY TRIAL**

## PRELIMINARY ALLEGATIONS

3.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act), California Civil Code §1785.1 et seq., (California State Consumer Credit Reporting Agencies Act), and for the common law torts of defamation, false light invasion of privacy, and negligence.

4.  Plaintiff, MOSTAFA HEIDARI, ("HEIDARI" or "Plaintiff"), is natural person and a resident of the State of California, County of Fresno. He is a "consumer" as defined by 15 U.S.C. §1681a(c) and Cal. Civ. Code §1785.3(b).

5.  Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant, CHEX SYSTEMS, ("CHEX.") is a corporation formed under the laws of the State of Minnesota, authorized to do business, and doing business, in the State of California and the County of Fresno as a credit reporting agency.

6.  Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant, CHEX is a "consumer reporting agency," regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681a(f) and Cal. Civ. Code §1785.3(d).

7.  Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant, CHEX, disburses such consumer reports to third parties under contract for monetary compensation.

8.  Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant, BANK OF THE WEST, ("BANK"), was and is a national bank incorporated under the laws of the State of California, authorized to do business, and doing business in the State of California and the County of Fresno, as a financial institution..

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES I through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

///

10. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and at all times was acting within the purpose and scope of such agency and employment.

## STATUTE OF LIMITATIONS

11. Plaintiff alleges that this complaint and each and cause of action herein are timely pursuant to the "continuing violations doctrine," which has been defined and interpreted as follows: "The 'continuing violations doctrine' provides that, in certain cases involving continuous or repeated injuries, the statute of limitations accrues upon the date of the last injury and that the plaintiff may recover for the entire period of the defendant's negligence, provided that an act contributing to the claim occurs within the filing period." (54 C.J.S. *Limitations of Actions* § 194 (2005).).

12. On or about October 21, 2011, HEIDARI discovered errors in the report provided by defendant CHEX and contacted defendant, CHEX, to cancel and remove the inaccurate information in their report. The defendants requested time to investigate and verify the information provided by defendant, BANK. Defendant, BANK, delayed in responding to HEIDARI's request and on February 27, 2012, HEIDARI made a demand for detailed information, or legal action would follow. To date, the information has not been provided by defendant, BANK. Attached hereto as Exhibit 1, and incorporated herein by this reference, is a true and correct copy of the last correspondence sent by HEIDARI to defendant, BANK.

## ACTS OF DEFENDANTS

13. Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if full set forth.

14. Plaintiff, HEIDARI, has banked with defendant, BANK, since 1986 and has maintained a balance of over $100,000.00 in his checking and savings accounts with defendant, BANK and plaintiff has never issued a check without sufficient funds to cover the check. Until 2008, plaintiff HEIDARI, enjoyed a good working business relationship with defendant, BANK..

///

1    In 2008, defendant BANK hired a new manager at HEIDARI's branch, Darlene Brown, who

2    happened to be friends with HEIDARI's ex-wife, "Margaret."

3       15. In or around June of 2008, HEIDARI's wife issued checks to her nephew, totaling

4    $15,000.00 to $20,000.00, from HEIDARI's personal account with defendant BANK.  Said

5    checks were issued with the understanding that HEIDARI's sister-in-law would send the funds to

6    HEIDARI to be deposited in his account to cover said checks.  However. HEIDARI did not

7    receive the funds from his sister-in-law on time, so HEIDARI transferred the funds from his

8    business account with the BANK into his personal account to cover said checks and all of the

9    checks cleared.

10       16. Despite the fact that the checks had all cleared, the new manager of defendant,

11    BANK, published a report to defendant CHEX, stating that HEIDARI had excessive drawing on

12    uncollected funds.  Said report was false.  Manager at the BANK, Darlene Brown, also told her

13    ex-husband, Larry McKinley, that HEIDARI was having trouble at defendant, BANK, in 2010.

14       17. On or about October 21, 2011, plaintiff, HEIDARI, by and through his attorney,

15    Henry Nunez, sent a letter to defendant, CHEX, informing them that their report of "excessive

16    drawing on uncollected funds" was disputed and that they should either remove the false report or

17    provide information to support their report.

18       18. On or about October 28, 2011, defendant CHEX responded by stating that they could

19    not release any information to attorney Nunez without a signed authorization from HEIDARI.

20    The authorization was signed and returned to defendant CHEX.

21       19. On or about January 23, 2012, plaintiff HEIDARI, by and through his attorney Henry

22    Nunez, sent a letter to Darlene Brown, Manager of defendant BANK, explaining that HEIDARI

23    had unsuccessfully attempted to obtain the supporting documents from defendant BANK and

24    requesting the documents to support the negative report made by defendant BANK to defendant

25    CHEX.  Defendant, BANK, responded on or about February 6, 2012, stating that they had referred

26    the letter to their legal department and they had not completed their investigation yet.  On or about

27    February 15, 2012 HEIDARI received defendant, BANK's response to plaintiff's inquiry  stating

28    that all they know is that defendant CHEX reported that HEIDARI had "excessive drawing on

1  uncollected funds." Said response also stated that the information never came from defendant,

2  BANK, but rather, was received from defendant BANK's Risk Review Department.   On

3  February 27, 2012, HEIDARI made demand for the additional information, or legal action

4  woulod follow.  Attached hereto as Exhibit 2, is a true and correct copy of the false report of

5  defendant, BANK.  Thereafter, on or about  May 15, 2012 HEIDARI again attempted to open a

6  bank account and was refused, based on the negative report of defendants.

7      20.   As a result of the false report as stated above, plaintiff, HEIDARI, cannot open an

8  account with any other financial institution and is prevented from many other financial

9  transactions.

## FIRST CAUSE OF ACTION

### Violation of 16 U.S.C. § 1681e(b)

### (As to Defendants CHEX and DOES 1 to 20, inclusive)

13      21.   Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the

14  above-stated paragraphs as if full set forth.   .

15      22.   Defendant, CHEX, DOES 1 through 20, inclusive and each of them,  violated

16  15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum

17  possible accuracy in the preparation of the credit reports and credit files it published and

18  maintained concerning Plaintiff.

19      23.   As a result of this conduct, action and inaction of defendant CHEX and each of

20  them,, Plaintiff suffered damage by loss of credit, increased cost of credit, loss of the ability to

21  purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation

22  and embarrassment of credit denials.

23      24.   Defendant CHEX's conduct, action and inaction was willful, rendering it liable for

24  punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In

25  the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. 1681o.

26  ///

27      25.   Plaintiffs are entitled to recover actual or statutory damages, costs and attorney's fees

28  from defendant, CHEX,  pursuant to 15 U.S.C. §1681n and/or §1681o.

---

25. Plaintiffs are entitled to recover actual or statutory damages, costs and attorney's fees from defendant, CHEX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## SECOND CAUSE OF ACTION

### Violation of 15 U.S.C. § 1681i(a)

### (As to Defendants CHEX and DOES 1 through 20, inclusive)

26. Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if fully set forth.

27. Defendant, CHEX, violated 15 U.S.C. §1681i(a) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate; by failing to delete inaccurate information in Plaintiffs' credit files after receiving actual notice of such inaccuracies; by failing to maintain reasonable procedures with which to investigate and verify disputed information in Plaintiffs' credit files; and by relying upon verification from a source it has reason to know is unreliable.

28. As a result of this conduct, action and inaction of EQUIFAX, Plaintiffs suffered damage by loss of credit, increased cost of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

29. Defendant, CHEX's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

30. Plaintiffs are entitled to recover actual or statutory damages, costs and attorney's fees from CHEX pursuant to 15 U.S.C. §1681n and/or §1681o.

## THIRD CAUSE OF ACTION

### Violation of Cal. Civ. Code § 1785.16(a) and (b)

### (As to Defendants CHEX; DOES 1 through 20, inclusive and each of them)

31. Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if fully set forth.

///

32. Defendant, CHEX; DOES 1 through 20, inclusive and each of them, violated Cal. Civ. Code § 1785.16(a) and (b) on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to review and consider all relevant information submitted to it by Plaintiff along with their dispute letters; by failing to maintain reasonable procedures with which to investigate and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

33. As a result of this conduct, action and inaction of defendant, CHEX, and each of them, plaintiff suffered damage by loss of credit, increased cost of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

34. Defendant CHEX's conduct, action and inaction was willful, rendering it liable for punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B). In the alternative, CHEX was negligent, entitling Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(1).

35. Plaintiff IS entitled to injunctive relief under Cal. Civ. Code § 1785.31(b), enjoining defendant CHEX from inaccurately reporting or publishing the defendant BANK's false report of excessive withdrawals on uncollected funds, to credit reporting agencies or any other persons or entities.

36. Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from CHEX pursuant to Cal. Civ. Code § 1785.31(a).

## FOURTH CAUSE OF ACTION

### Defamation

### (As to Defendants CHEX and DOES 1 through 20, inclusive)

37. Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if fully set forth.

///

38.   Defendant CHEX; DOES 1 through 20, inclusive and each of them, defamed Plaintiff when it made one or more statements regarding Plaintiff's creditworthiness to persons other than Plaintiff, including but not limited to lenders, and other financial institutions.

39.   Persons defendant CHEX and each of them, made these statements to reasonably understood that the statements were about Plaintiff.

40.   The statements made by CHEX and each of them,  injured Plaintiff in his occupation, exposed him to hatred, contempt, ridicule, or shame, and discouraged others from associating or dealing with him.

41.   The statements were false.  Defendant, CHEX and each of them failed to use reasonable care to determine the truth or falsity of the statements.

42.   Plaintiff suffered harm to his property, business, profession, or occupation.

43.   The statements were a substantial factor in causing Plaintiff's harm.

44.   The statements made by CHEX and each of them, as herein alleged, were published willfully, and with malice, so that defendants are subject to actual damages, statutory damages, and punitive damages.

## FIFTH CAUSE OF ACTION

### False Light and Invasion of Privacy

### (As to Defendants CHEX; DOES 1 through 20, inclusive)

45.   Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if fully set forth.

46.   Defendant, CHEX; DOES 1 through 20, inclusive and each of them,  publicized information that showed Plaintiff in a false light.

47.   The false light created by the publication would be highly offensive to a reasonable person in Plaintiff's position.

48.   Defendant CHEX and each of them were negligent in determining the truth of the information or whether a false impression would be created by its publication, or did so with reckless disregard for the truth.

///

49.  Plaintiff was harmed by the acts of defendant, CHEX.  Defendant, CHEX's conduct was a substantial factor in causing Plaintiff's harm.

50.  The statements made by CHEX and each of them as herein alleged were published willfully, and with malice, so that defendant CHEX is subject to actual damages, statutory damages, and punitive damages.

### SIXTH CAUSE OF ACTION

### Negligence

### (As to Defendants CHEX; DOES 1 through 20, inclusive)

51.  Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if fully set forth.

52.  Defendant CHEX had a duty to conform to a standard of conduct to protect Plaintiff, in assembling, evaluating, and disbursing consumer credit information about Plaintiff to third parties.

53.  Defendant CHEX, failed to meet this standard of conduct, in that they failed to properly evaluate and or investigate the information received from defendant BANK.

54.  Defendant CHEX 's failure was the proximate or legal cause of Plaintiffs' resulting harm, including but not limited to pain and suffering..

55.  Plaintiff was damaged by defendant, CHEX's failure to meet this standard of conduct.

56.  Defendant CHEX's negligence make it subject to actual damages, statutory damages, and. punitive damages, all according to proof at trial.

### SEVENTH CAUSE OF ACTION

### Defamation

### (As to Defendants BANK and DOES 1 through 20, inclusive)

57.  Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if fully set forth.

58.  Defendant BANK; DOES 1 through 20, inclusive and each of them, published the BANK's Representations to defendant, CHEX and through defendant CHEX to all of Plaintiff's

potential bankers and/or lenders on multiple occasions, including but not limited to the BANK's response to defendant CHEX published just prior to June 28, 2008 and which formed the basis of the negative credit rating (the "defamation").

59.   The Defamation was willful and with malice. Defendant BANK and each of them did not have any reasonable basis to believe that plaintiff HEIDARI was a suspect of fraud based upon "excessive drawing on uncollected funds," given that all checks issued from plaintiff's account with defendant BANK, had cleared and none had been returned for insufficient funds on or about June 28, 2008, or that defendant BANK had a derogatory account history after that date. It also had substantial evidence by which to have verified that plaintiff's bank account activity was being inaccurately reported.  Defendant, BANK and each of them, willfully determined to follow procedures which did not review, confirm or verify the identity of persons who maintain bank accounts with defendant BANK and/or the activity on said bank accounts.

60.   As a result of this conduct, action and inaction of defendant, BANK, Plaintiff has suffered damage by loss of credit, increased cost of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials, in an amount according to proof..

61.   The Defamation, conduct and actions of defendant BANK and each of them,  were willful, deliberate, intentional and/or with malice and reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against defendant BANK and each of them,  in an amount to be determined by the Court.

## EIGHTH CAUSE OF ACTION

### Violation of 16 U.S.C. § 1681s-2(b)

### (As to Defendants BANK and DOES 1 through 20, inclusive)

62.   Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if fully set forth.

63.   Defendant BANK; DOES 1 through 20, inclusive and each of them, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by continuing to publish the defendant BANK representation within Plaintiff's credit file with defendant CHEX without also including a

1  notation that this information was disputed; by failing to fully and properly investigate Plaintiff's

2  dispute of the BANK representation; by failing to promptly delete, modify, or permanently block

3  information disputed by Plaintiff which defendant BANK found or should have found to be

4  inaccurate or could not be verified; by failing to review all relevant information regarding same;

5  by failing to accurately respond to defendant CHEX; and by failing to correctly report results of an

6  accurate investigation to every reporting agency.

7        64.   As a result of this conduct, action and inaction of defendant, BANK and each of

8  them, Plaintiff suffered damage by loss of credit, increased cost of credit, loss of the ability to

9  purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation

10  and embarrassment of credit denials, in an amount according to proof.

11        65.   Defendant BANK's conduct, action and inaction was willful, rendering it liable for

12  punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In

13  the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

14        66.   Plaintiff is entitled to recover actual or statutory damages, costs and attorney's

15  fees from defendant BANK and each of them pursuant to 15 U.S.C. §1681n and/or §1681o, in an

16  amount according to proof.

17  **NINTH CAUSE OF ACTION**

18  **Violation of Cal. Civ. Code § 1785.25(a), (b), (c), and (f)**

19  **(As to Defendants BANK and DOES 1 through 20, inclusive)**

20        67.   Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the

21  above-stated paragraphs as if fully set forth.

22        68.   Defendant, BANK; DOES 1 through 20, inclusive and each of them, violated the

23  California State Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a), (b), (c),

24  and (f) on multiple occasions by continuing to publish the defendant BANK's representation

25  within Plaintiff's credit file, when defendant BANK and each of them, knew or should have

26  known the information was incomplete or inaccurate; by failing to fully and properly investigate

27  Plaintiff's dispute of the BANK's representation; by failing to review all relevant information

28  regarding same; by failing to accurately respond to the credit reporting agencies; by failing to

correctly report results of an accurate investigation to every reporting agency; and by reporting the BANK's false claim of "excessive drawing on uncollected funds" to credit reporting agencies without also including a notation that this debt was disputed.

69. As a result of this conduct, action and inaction of defendant BANK, Plaintiff has suffered and continues to suffer damage by loss of credit, increased cost of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

70. Defendant BANK's conduct, action and inaction was willful, rendering it liable for punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B). In the alternative, defendant BANK was negligent, entitling Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(1).

71. Plaintiffs are entitled to injunctive relief under Cal. Civ. Code § 1785.31(b), enjoining defendant BANK and each of them, from inaccurately reporting or publishing the false report of "Suspected Fraud" and "excessive drawing on uncollected funds" to credit reporting agencies or any other persons or entities.

72. Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from defendant BANK and each of them, pursuant to Cal. Civ. Code § 1785.31(a), in an amount according to proof.

## TENTH CAUSE OF ACTION

### False Light Invasion of Privacy

### (As to Defendant BANK and DOES 1 through 20, inclusive)

73. Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the above-stated paragraphs as if fully set forth. .

74. Defendant BANK; DOES 1 through 20 and each of them, publicized information that showed Plaintiff in a false light. The false light created by the publication would be highly offensive to a reasonable person in Plaintiffs' position..

///

1    75.   Defendant BANK  was negligent in determining the truth of the information or

2    whether a false impression would be created by its publication, or did so with reckless disregard

3    for the truth.

4    76.   Plaintiff was harmed by the acts of defendant BANK and each of them in the form of

5    a negative impact on Plaintiff's credit rating..

6    77.   Defendant BANK's conduct was a substantial factor in causing Plaintiff's harm, in

7    that they published a false credit report to defendant CHEX, stating; "Suspected Fraud" and

8    "excessive drawing on uncollected funds.". .

9    78.   The statements made by defendant BANK and each of them, as herein alleged were

10   published willfully, and with malice, so that defendant BANK  is subject to actual damages,

11   statutory damages, and punitive damages, in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

### Negligence

### (As to Defendants BANK and DOES 1 through 20, inclusive)

15   79.   Plaintiff repeats, reiterates, re-alleges and incorporates herein by this reference, the

16   above-stated paragraphs as if fully set forth.

17   80.   Defendant BANK; DOES 1 through 20, inclusive and each of them,  had a duty to

18   conform to a standard of conduct to protect Plaintiff, in assembling, evaluating, and disbursing

19   consumer credit information about Plaintiff to third parties.

20   81.   Defendant BANK and each of them, failed to meet this standard of conduct, in that

21   they published a report about plaintiff stating: "Suspected Fraud" and "excessive drawing on

22   uncollected funds" with no basis for doing so.

23   82.   Defendant BANK's failure was the proximate or legal cause of Plaintiff's resulting

24   harm, in that it negatively impacted plaintiff's credit rating.

25   83.   Plaintiff was damaged by Defendant BANK's  failure to meet this standard of

26   conduct in the form of  loss of credit, increased cost of credit, loss of the ability to purchase and

27   benefit from a credit, the mental and emotional pain and anguish and the humiliation and

28   embarrassment of credit denials.

84.    Defendant BANK's negligence make it subject to actual damages, statutory damages, and punitive damages, in an amount according to proof.

**WHEREFORE**, Plaintiff MOUSTAFA HEIDARI prays for judgment as follows:

As to all Defendants:

1.    For actual damages, or statutory damages of not less than $100 nor more than $1,000, pursuant to 15 U.S.C. §1681n, for willful violation of the federal Fair Credit Reporting Act;

2.    For actual damages pursuant to 15 U.S.C. §1681o, for negligent violation of the federal Fair Credit Reporting Act;

3.    For punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, for willful violation of the federal Fair Credit Reporting Act;

4.    For the costs of the action together with reasonable attorney's fees, pursuant to 15 U.S.C. §1681o;

5.    Actual damages, including court costs, loss of wages, attorneys' fees, and pain and suffering, pursuant to Cal. Civ. Code §1785.31(a)(1), for negligent violation of the California State Fair Consumer Credit Reporting Agencies Act;

6.    Punitive damages of not less than $100 nor more than $5,000 for each violation as the Court deems proper, pursuant to Cal. Civ. Code §1785.31(a)(2)(B), for willful violation of the California State Fair Consumer Credit Reporting Agencies Act ;

7.    For injunctive relief, pursuant to Cal. Civ. Code §1785.31(b);

8.    For actual damages relating to plaintiffs' causes of action for negligence, defamation, and false light invasion of privacy;

9.    For pre-judgment and post-judgment interest at the legal rate;

10.    For this action to be tried by jury; and

11.    For such other relief the Court does deem just, equitable and proper.

///

///

---

1   Date: 2/11/2013

2

3

4
Henry D. Nunez
5   Attorney for Plaintiff
Moustafa Heidari
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

LAW OFFICES OF

# HENRY D. NUNEZ

4478 WEST SPAATZ AVENUE
FRESNO, CA 93722

TELEPHONE: (559) 437-9200
FACSIMILE: (559) 437-3927

February 27, 2012

Elizabeth Altieri
Senior Paralegal
300 S. Grand Avenue, 6th Floor
Los Angeles, CA 90071

RE:     Mostafa F. Heidari
        Your letter dated 02/10/2012

Dear Ms. Altieri,

This is in response to your letter dated 02/10/2012. If Bank of the West does not provide the detail supporting documents and explanation for the information provided to Chex System, then I will request you immediately notify Chex System and cancel and withdraw the negative reporting of Mostafa F. Heidari.

If this is not done immediately legal action will follow. My client has waited patiently to allow Bank of the West adequate time to correct the error. Our client will wait no longer. Please be aware that damages continue to occur and your actions are preventing Mr. Heidari to open a checking account, one to be a check signer.

Accordingly please correct and withdraw the negative information on Mostafa Heidari.

Very Truly Yours,

Henry D. Nunez, Esq

Cc: Mostafa Heidari

# EXHIBIT 2

*(handwritten across top)* ATTENTION MR Heidary Note 3

## Consumer Information (As Captured)

**Moustafa Heidari**
**6771 E Carmalee Ln**
**Fresno CA 93727**

SSN: 316823871
DOB: 08291956
DL#: N9822327
DL STATE: CA

Home Phone: 5596816767
Country of Citizenship: United States

## Account Actions

Action:                          DECLINE
Recommended Actions:             1+ FRAUD CLOSURES W/IN 5 YRS
                                 PROVIDE DISCLOSURE FORM
                                 CHECK BOX FOR CHEXSYSTEMS
                                 ADDR: Y

## Identification Information

SSN Validation:      BECAME AVAILABLE FOR ISSUANCE IN 1979 IN IN SSN:Y
DL Validation:       VALID DRIVERS LICENSE FORMAT

## ChexSystems History

**Previous Inquiries:**          .                    No Previous Inquiries Found.

**Closures:**
Total Number of Closures:                          1
Disputed Closures:000 Paid Closures:000 Unpaid Closures:001

### MOST SEVERE CLOSURE DETAIL:

Category: SUSPECTED FRAUD ACTIVITY
Reason: EXCESSIVE DRAWING ON UNCOLLECTED FUNDS

**Reported Information:**                           **Reported on 06/27/08**
SSN: 316823871                                      BANK OF THE WEST
MOSTAFA F HEIDARI                                   LOSS INVESTIGATION
6771 E CARMALEE LN                                  401 LENNON LANE
FRESNO, CA 937271736                                WALNUT CREEK, CA 94598

**Retail:**                                         NOTE * THERE IS NO RETAIL INDICATOR

## ID Verification Detail

| | |
|---|---|
| **ID Match:** | FAILED |
| **SSN Match:** | PASSED |
| | Issued between 1979 and 1,980 In IN. |
| **Name Match:** | FAILED |
| | MOSTAFA HEIDAN |
| | MOSTAFA F HEIDARI |
| | MOSTAFA F HEIDAVI |
| **Address Match:** | PASSED |
| **Date of Birth Match:** | PASSED |
| **Phone Match:** | PLEASE VERIFY |
| | 5594540803 |
| | 5592984437 |
| **License Match:** | No Data Available |
| **Deceased:** | NO |
| **Minor:** | NO |
| **DOB after SSN Date:** | NO |

## OFAC Detail